**265-15**

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**ORIGINAL**

LAKENDRICK EARL JACOBS

Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

V.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

THE STATE OF TEXAS

Respondent

---

PETITION FOR DISCRETIONARY REVIEW

On petition for discretionary review from the fourteenth Court of appeals: Cause No. 14-13-00900-CR, affirming the conviction in Cause No. 1289471 from the 338th district court of Harris county, Texas.

---

ORAL ARGUMENT WAIVED

Lakendrick E. Jacobs
TDCJ No. 1889158
Telford Unit
3899 State Hwy 98
New Boston, Tx. 75570

Pro Se

# TABLE OF CONTENTS

Index of Authorities_____ 3-6

Names of Parties _____ 7

Statement Regarding Oral Argument_____ 8

Statement of the Case and Procedural History _____ 10

Grounds for Review One _____ 11

THE FOURTEENTH COURT OF APPEALS ERRED BY FINDING THAT THE EVIDENCE WAS LEGALLY SUFFICIENT TO UPHOLD A CONVICTION OF CAPITAL MURDER EITHER AS THE PRIMARY ACTOR OR AS A PARTY TO CAPITAL MURDER. JACKSON V. VIRGINIA 99 S.Ct. 2781

Reason for Review_____ 11

Statement of Facts _____ 12

Argument and Authorities _____ 13-22

Prayer for Relief ———————————————— 22

Certificate of Compliance ————————————— 23

Certificate of Service ——————————————— 23

APPENDIX - Copy of the Opinion rendered by the fourteenth court of appeals.

2.

# INDEX OF AUTHORITIES

Cases

Alvarado v. State, 816 S.W.2d 792 _____ 18
(Tex. App. - Corpus Christi 1991).

Cardenas v. State, 30 S.W. 384 _____ 21
(Tex. Crim. App. 2000).

Cisneros v. State, 915 S.W.2d 217 _____ 14,15
(Tex. App. - Corpus Christi), 935 S.W.2d 789 (1996).

Coleman v. State, 956 S.W.2d 98 _____ 17
(Tex. App - Tyler 1997).

Crutcher v. State, 969 S.W.2d 543 _____ 19,20
(Tex. App. - Texarkana 1998).

Fisher v. State, 851 S.W.2d 298 _____ 21
(Tex. Crim. App. 1993).

Flores v. State, 681 S.W.2d 94 _____ 18
(Tex. App - Houston [14th Dist.] 1984).

Fuller v. State, 827 S.W.2d 919 _____ 14,16
(Tex. Crim. App. 1992).

Guevara v. State, 152 S.W.3d 45 _____ 21
(Tex. Crim. App. 2004).

Guillory v. State, 877 S.W.2d 71 _____ 20
(Tex. App. - Houston [1st Dist.] 1994).

Holiday v. State, 14 S.W. 3d 784 _____ 14
(Tex. App - Houston [14th Dist.] 2000

3.

In re Winship, 397 U.S. 358 (1970) ———————— 21

Jackson V. Virginia, 443 U.S 307 (1979) ———————— 21

Johnson V. State, 673 S.W. 2d 196 ———————— 20

Martinez V. State, 763 S.W. 2d 413 ———————— 15,16
(Tex. Crim. App. 1988).

Matson V. State, 819 S.W. 2d 839 ———————— 21
(Tex. Crim. App. 1991).

Mayfield V. State, 716 S.W. 2d 509 ———————— 15
(Tex. Crim. App 1986).

Moreno V. State, 755 S.W. 2d 866 ———————— 21
(Tex. Crim. App. 1988).

Naranjo V. State, 745 S.W. 2d 430 ———————— 18
(Tex. App. - Houston [14th Dist.] 1988).

Narvaiz V. State, 840 S.W. 2d 415 ———————— 21
(Tex. Crim. App. 1992).

Queen V. State, 940 S.W. 2d 781 ———————— 17
(Tex. App. - Austin 1997).

Rabbani V. State, 847 S.W. 2d 555 ———————— 14
(Tex. Crim. App. 1992).

Reese V. State, 653 S.W. 2d 550 ———————— 19
(Tex. App. - Beaumont 1983).

Robertson V. State, 16. S.W. 3d 156 ———————— 21
(Tex. App. - Austin 2000).

Ruis V. State, 579 S.W.2d 206 _____ 17
(Tex. Crim. App. [Panel Op.] 1979).

Sanders V. State, 119 S.W.3d 818 _____ 21
(Tex. Crim App. 2003).

Scott V. State, 946 S.W.2d 166 _____ 20
(Tex. App - Austin 1997).

Skelton V. State, 795 S.W.2d 162 _____ 22
(Tex. Crim. App. 1989).

Simmons V. State, 594 S.W.2d 760 _____ 16
(Tex. Crim. App. 1980).

Valdez V. State, 623 S.W.2d 317 _____ 20
(Tex. Crim. App. 1979).

Ward V. State, 143 S.W.3d 271 _____ 21
(Tex. App.- Waco 2004).

Williams V. State, 974 S.W.2d 324 _____ 17
(Tex. App - San Antonio 1998).

Wood V. State, 4 S.W.3d 85 _____ 14
(Tex. App. - Fort Worth 1999).

Statutes

Texas Penal Code:
    2.01 _____ 21
    15.02 (a), (b) _____ 13
    19.02 (b)(1) _____ 13
    19.03 (a)(2) _____ 13

7.02 (a)(2), (b) —————————————————— 13

38.05 —————————————————— 20

Texas Rule Appellate Procedure:

66.3 (a) —————————————————— 11
66.3 (c) —————————————————— 11
66.3 (f) —————————————————— 11

## NAMES OF ALL PARTIES

In accordance with Tex. R. App. Proc. 38.1(a), Petitioner submits that the following are interested parties:

Lakendrick Earl Jacobs

Appellant-TDCJ-ID INMATE

John Jordan

Assistant District Attorney
Harris County, TEXAS
1201 Franklin
Houston, TEXAS 77002

Allen C. Isbell

Trial Defense Counsel
19747 Hwy 59 N.
Humble, Texas 77338

Hon. Judge Brock Thomas

Presiding Judge
1201 Franklin, 15th floor
Houston, Texas 77002

Patrick F. McCann

Appellate Defense Counsel
909 Texas Ave., Ste. 205
Houston, Texas 77002

Jessica Atkins

State Appellate Counsel
1201 Franklin, Ste. 600
Houston, Texas 77002

7.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39, Petitioner waives oral argument unless the Court believes that the decisional process would be significantly aided by any argument.

TO THE COURT OF CRIMINAL APPEALS TEXAS

Lakendrick Earl Jacobs
Petitioner

V.

The State of Texas
Respondant

---

PETITION FOR DISCRETIONARY REVIEW

On Petition for Discretionary Review from the fourteenth
court of appeals: Cause No. 14-13-00900-CR, affirming
the conviction in cause No. 1289471 from the 338th
district court of Harris County, Texas.

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS!

Comes now Lakendrick E. Jacobs, Pro Se, and
files this petition for discretionary review. In
support of his request he respectfully shows
the Court the following:

9.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This is a Petition for Discretionary Review arising from Appellant's Capital Murder conviction and manditory sentence of life imprisonment without the possibility of parole.

Petitioner was charged in cause no. 1289471 with capital murder for events that occured on November 10, 2010.

Upon his plea of not guilty to a jury, the petitioner was tried in the 338th District Court of Harris County, Texas, with the Honorable Brock Thomas presiding. On October 3, 2013 the jury returned a general verdict of guilty.

Petitioner gave timely notice of appeal and was assigned Mr. Patrick F. McCann, SBOT No. 00792680, as counsel to represent him on appeal only.

The Fourteenth Court of Appeals issued an un-published memorandum opinion affirming petitioner's conviction on Febuary 19, 2015. A motion for rehearing was not filed.

1. The Reporter's Record will be referenced RR and the volume number, followed by the page number. (RR1, pg #).

10.

## GROUND FOR REVIEW ONE

THE FOURTEENTH COURT OF APPEALS ERRED BY FINDING THAT THE EVIDENCE WAS LEGALLY SUFFICIENT TO UPHOLD A CONVICTION OF CAPITAL MURDER EITHER AS THE PRIMARY ACTOR OR AS A PARTY TO.

Jackson V. Virginia, 443 U.S. 307

Reasons for Review:

1. The Fourteenth Court of Appeals decision conflicts with another Court of Appeals decision on the same issue. Tex. R. App. Proc. 66.3 (a) Sanders V. State, 119 S.W. 3d 818 (Tex. Crim. App. 2003).

2. The Fourteenth Court of Appeals has decided an important question of State and Federal law in a way that conflicts with the applicable decisions of the Criminal Court of Appeals and the Supreme Court of the United States. Tex. R App. Proc. 66.3 (c). In re Winship, 397 U.S. 358

3. The decision of the Fourteenth Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Tex. R. App. Proc. 66.3 (f).

II.

## Statement of Facts:

Mr. Jacobs was convicted of capital murder as a party under Texas Penal Code Ann. § 7.02. Per his statement to police and testimony at trial, Mr. Jacobs conceded that he had planned to rob somebody and that he and Mr. Tillman drove around until they found somebody to rob. Mr. Laster was their random victim. Mr. Jacobs also conceded that he carried a .22 caliber rifle that was only intended to scare their victim. However, Mr. Jacobs contends that he was unaware that Mr. Tillman was armed with any weapon, including the hammer Mr. Tillman used to kill Mr. Laster. (RR4, 106-125). Mr. Jacobs stated that Mr. Tillman struck Mr. Laster after he had already relinquished his wallet and the keys to his car. Mr. Jacobs never fired the rifle. (RR4, 149-160); also see (RR4, 127). The statements and testimony of Mr. Jacobs, the deputy medical examiner, and the investigating detective of the case, clearly establish that it was Mr. Tillman who beat and killed Mr. Laster. The State conceded to this fact, but chose to convict Mr. Jacobs under a parties theory. (RR4, 106-145 also 149-160).

## Argument and Authorities:

Under section 19.03(a)(2) of the Texas Penal Code, a person commits capital murder if he intentionally or knowingly commits murder as defined under Section 19.02(b)(1), "in the course of committing or attempting to commit ... robbery". Texas Penal Code Ann. § 19.03(a)(2). A person commits murder under section 19.02(b)(1) if he intentionally or knowingly causes the death of an individual. Texas Penal Code Ann. § 19.02(b)(1).

Under the law of parties, a person may be convicted as a party to an offense if the offense is committed by his own conduct or by the conduct of another for which he is criminally responsible. Id § 7.01(a). Section 7.02(a)(2) of the Texas Penal Code provides that a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Id. § 7.02(a)(2).

Further, section 7.02(b) provides if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of carrying out the conspiracy. Id. § 7.02(b). The term "conspiracy" is defined as an agreement between two or more persons, with intent that a felony be committed, that they, or one or more of them, engage in conduct that would constitute the offense. Id. § 15.02(a). An agreement constituting

13.

a conspiracy may be inferred from the acts of the parties. Id. § 15.02 (b).

It is well-settled that the law of parties may be applied to a capital murder case though not alleged against the defendant in the indictment. Wood V. State, 4 s.w. 3d 85, 89 (Tex. App.- Fort Worth 1999, pet ref'd). Moreover, a defendant in a capital murder case may be convicted solely on a conspiracy theroy of culpability contained in the jury charge. Fuller v. State, 827 s.w. 2d 919, 932-33 (Tex. Crim. App. 1992).

At the conclusion of the guilt-innocence stage, the jury was authorized by the trial court's charge to convict Mr. Jacobs as a primary actor to capital murder or, alternatively, as a party to capital murder under the provisions of sections 7.02 (a)(2) or 7.02 (b). See Holiday V. State, 14 s.w. 3d 784, 789 (Tex App - Houston [14th Dist.] 2000, pet. ref'd). The jury returned a general verdict, finding Mr. Jacobs guilty of capital murder. When a jury returns a general verdict and the evidence is sufficient to support a guilty finding under any of the allegations submitted, the verdict will be upheld. Rabbani V. State, 847 S.W. 2d 555, 558 (Tex. Crim. App. 1992). Therefore, the Courts should apply the legal sufficiency standard of review to each theory of the offense as submitted to the jury in the court's charge. Id.

Because the evidence clearly established that Mr. Tillman, not Mr. Jacobs, was the person whom struck and killed Mr. Laster with a hammer, Mr. Jacobs could not have intentionally caused the death of Mr. Laster by striking him with a deadly weapon, and the evidence was accordingly, legally insufficient to support Mr. Jacobs conviction as a primary actor. See e.g. Cisneros V. State, 915 s.w. 2d 217, 222 (Tex. App.- Corpus Christi) pet. ref'd

14.

935 S.W. 2d 789 (Tex. Crim. App. 1996). Therefore, in finding Mr. Jacobs guilty of capital murder, the jury necessarily concluded either Mr. Jacobs, during the course of robbing Mr. Laster, intentionally promoted or assisted in the commission of Mr. Lasters murder, or alternatively, that in facilitating a conspiracy to commit robbery, Mr. Jacobs should have anticipated that the act that resulted in Mr. Laster's murder. See Tex. Penal Code Ann. § 7.02(a)(2),(b).

The evidence is insufficient to establish Mr. Jacobs's encouragement, promotion, or assistance in Mr. Tillman's commission of capital murder. Id. § 7.02(a)(2). Mr. Jacobs cannot be found guilty as a party to capital murder under Section 7.02(a)(2) without legally sufficient evidence that he was " acting with intent to promote, or assist the commission of" an intentional murder. Martinez V. State, 763 S.W. 2d 413, 425 n. 5 (Tex. Crim. App. 1988). Mr. Jacobs vicarious liability under 7.02(a)(2) extends no further than that which he specifically intended, to promote in aiding or attempting to aid Mr. Tillman in a robbery. Id.

It is recognized that an appellants presence at the commission of an offense, coupled with proof of a prior agreement that the offense committed, would serve to establish both encouragement of and intent to promote the commission of that offense and, hence, would render appellant susceptible to a finding of criminal responsibility under section 7.02(a)(2). Mayfield V. State, 716 S.W. 2d 509, 514 (Tex. Crim. App. 1986). However, here, the evidence of a prior agreement viewed in the light most favorable to the verdict only established a plan to rob Mr. Laster and not to murder him. There was no evidence presented regarding either Mr. Tillman's or Mr. Jacobs intent to murder Mr. Laster. Mr. Jacobs presence at the scene of the murder and proof of a plan between Mr. Jacobs and Mr. Tillman to rob Mr. Laster is insufficient

15.

to show Mr. Jacobs encouragement of an intent to commit the offense of capital murder under a theory of criminal responsibility set forth in section 7.02(a)(2), but would only be sufficient to show Mr. Jacobs encouragement of and intent to promote the offense of aggravated robbery under the law of parties. Tex. Penal Code Ann. § 7.02(a)(2); See Martinez 763 S.W. 2d at 425.

The evidence also establishes that the robbery was already completed, that Mr. Laster had already relinquished his keys to his car and his wallet, when Mr. Tillman murdered Mr. Laster. Therefore, the evidence fails to support a finding of murder as defined by section 19.02(b)(1), was an offense that Mr. Jacobs should have anticipated as a result of carrying out the robbery. See Tex. Penal Code Ann. § 7.02(b). In virtually all of the Texas cases in which the appellate court has found legally or factually sufficient evidence to uphold a capital murder conviction under the theory of criminal responsibility contained in section 7.02(b), there has been evidence that the appellant was on notice that murder was a possible result of the carrying out of a conspiracy to commit another felony. See e.g. Fuller, 827 S.W. 2d at 932 (holding murder should have been anticipated as a possible result of robbery where, although appellant denied participating in any brutality against decedent, appellant admitted having a pocket-knife with him at the time of entry and that one of his cohorts usually would have had a knife in that situation); Simmons V. State, 594 S.W. 2d 760, 764 (Tex. Crim. App. 1980) (holding evidence sufficient to support finding that murder should have been anticipated as a result of robbery where testimony showed, at time of agreement to commit robbery, appellant stated he was going to beat victim, co-defendant

16.

pulled out knife and said he was going to stab victim, and appellant said he was going to put victim in grave-yard); judgment vacated on other grounds, 453 U.S. 902, 101 S.Ct. 3134, 69 L.Ed.2d 988 (1981); Ruis V. State, 579 S.W. 2d 206, 209 (Tex. Crim. App. [Panel op.] 1979) (holding direct evidence of appellant's participation in aggravated robbery in concert with other individules while brandishing a deadly weapon would permit a jury to infer that murder should have been anticipated as a result); Williams V. State, 974 S.W. 2d 324, 330 (Tex. App - San Antonio 1998, pet. ref'd) (holding evidence sufficient that murder committed in the course of pawn shop robbery was foreseeable to the appellant where evidence showed at least one of the five conspirators arrived at the scene armed with a gun, there was testimony by accomplice witness that four of the five conspirators left her apartment with weapons, and there was evidence that bullets or casings from two different guns were recovered at the scene); Coleman V. State, 956 S.W. 2d 98, 102 (Tex. App. - Tyler 1997 pet. ref'd) (holding evidence sufficient to support finding that appellant should have anticipated murder as a result of conspiracy to commit carjacking where evidence showed that just prior to subject offense, confederate unsucessfully tried another vehicle in appellant's presence by wielding a .45 caliber pistol. Confederate announced he was going to get the victims car, confederate armed himself with a .45 caliber pistol, appellant armed himself with a sawed off shotgun, appellant admitted having knowledge of the weapons in the car, and appellant admitted supplying the shotgun); Queen V. State, 940 S.W. 2d 781, 788 (Tex. App. - Austin 1997 pet. ref'd) (holding murder should have been anticipated as a possible result of robbery where evidence showed that appellant knew that cohort was member of violent street gang and had reputation for violence in community, appellant

17.

had "hung out" with cohort on numerous occasions for two months before murder, appellant admitted striking brain-damaged victim and searching his pockets, and appellant conceded that cohort's continued to beat victim when he left victim's apartment); Alvarado v. State, 816 S.W. 2d 792, 796 (Tex. App.- Corpus Christi 1991)( finding appellant should have anticipated murder would occur as a result of burglary where appellant instigated burglary conspiracy, chose victims house, stated that victims would have to be beat up or killed, and directed cohorts to kill victims while watching), aff'd as modified 840 S.W. 2d 442 (Tex. Crim. App. 1992); Naranjo v. State, 745 S.W. 2d 430, 433-34 (Tex. App.- Houston [14th Dist.] 1988 no pet)( holding murder should have been anticipated as a possible result of robbery where evidence showed appellant was aware cohorts were armed, appellant exhibited prior understanding that aggravated robbery would occur, and appellant returned to the scene of offense to retrieve victim's wallet while victim stay lay on floor dying); Flores v. State, 681 S.W.2d 94, 96 (Tex. App.- Houston [14th Dist.] 1984)( holding murder should have been anticipated as possible result of burglary where appellant knew companion had a gun) aff'd 690 S.W. 2d 281 (Tex. Crim. App. 1985).

Here the evidence does not rise to the same level as those cases where the appellate courts have held that murder should have been anticipated as a result of carrying out the offense. There was no evidence in the record that, by his reputation, Mr. Tillman might be prone to commit violence, there was no evidence to establish Mr. Jacobs knowledge of Mr. Tillman's violent propensities. Moreover, there is no evidence to show that Mr. Jacobs knew Mr. Tillman had a hammer, prior to the commission of the murder. Without such evidence, it cannot be held that the evidence showed, beyond a reasonable doubt,

18.

that Mr. Jacobs should have anticipated intentional murder as a possible result of their agreement to rob someone. Furthermore, the record only shows that, if there was an agreement between Mr. Tillman and Mr. Jacobs, it was to rob Mr. Laster. Mr. Jacobs conceds that he was aware of the agreement to rob Mr. Laster. This evidence only supports a finding that Mr. Jacobs and Mr. Tillman's bad intentions was to commit robbery, it does not show that Mr. Jacobs had reason to know that Mr. Tillman would kill Mr. Laster at the robbery.

The court of appeals has held that robbery is not an offense of such violent nature that murder should always be anticipated as a potiential result of its commission and they have found no cases that suggest otherwise. The state and the fourteenth court of appeals are urges that since Mr. Jacobs had a .22 caliber rifle, that murder was a possible result of a planned robbery. However, Mr. Jacobs statements to police and the testimony at trial suggest that he had no knowledge of Mr. Tillman in possession of the murder weapon, a hammer. Speculation would be required for the jury to infer that Mr. Jacobs knew or should have anticipated that an intentional murder would be committed by Mr. Tillman. A jury may not resort to speculation to reach a verdict. Reese v. State, 653 S.W. 2d. 550, 553 (Tex. App. - Beaumont 1983 no. pet.). Furthermore, the evidence given at trial does not provide any direct or circumstantial evidence that Mr. Jacobs should have known that Mr. Tillman would commit intentional murder durring the robbery.

Next it is also noted that the evidence that Mr. Jacobs and Mr. Tillman left the scene together that a jury could of rationally inferred that Mr. Jacobs asquiesced in the actions taken in furtherance of the robbery, either before, during, or after its commission. See Crutcher v. State,

19.

969 S.W. 2d 543, 546-47 (Tex. App. - Texarkana 1998 pet ref'd) (holding jury's affirmative deadly weapon finding because appellant's continuing active participation in the commission of aggravated robbery constituted acceptance of accomplice's act in its entirety, including knowledge of the use of deadly weapon). However, this evidence, standing alone, would not permit a rational inference that Mr. Jacobs was criminally responsible for the murder of Mr. Laster. See Scott v. State, 946 S.W. 2d 166, 168 (Tex. App. - Austin 1997, pet ref'd)(citing Valdez v. State, 623 S.W. 2d 317, 321 (Tex. Crim. App. 1979)(holding that, standing alone, proof that an accused assisted the primary actor in making his getaway is likewise insufficient - even though the accused's conduct may constitute the independent offense of hindering apprehension or prosecution under section 38.05 of the Texas Penal Code) and, Guillory v. State, 877 S.W. 2d 71, 74 (Tex. App. - Houston [ 1st Dist] 1994, pet. ref'd)(holding that if the evidence shows the mere presense of an accused at scene of an offense, or even his flight from the scene, without more, then it is insufficient to sustain a conviction as a party to the offense)). Even when this evidence is viewed along with all the other evidence in the record, in the light most favorable to the verdict, it would not support a rational inference beyond a reasonable doubt, that Mr. Jacobs should have anticipated murder as a result of his agreement with Mr. Tillman to commit robbery.

Once again, it is recognized that the jury was entitled to believe or disbelieve Mr. Jacobs testimony, but his testimony, even if believed, does not provide any affirmative evidence, direct or circumstantial, that Mr. Jacobs should have anticipated that murder was a possible result of the agreement to rob Mr. Laster. See Johnson, 673 S.W. 2d at 196.

20.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires every state criminal conviction to be supported by evidence that a rational trier of fact could accept as sufficient to prove all the elements of the offense charged beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Fisher V. State, 851 S.W. 2d 298, 302 (Tex. Crim. App. 1993); see also Tex. Pen. Code Ann. § 2.01 (West. 2003); Ward V. State, 143 S.W. 3d 271, 274 (Tex. App. - Waco 2004, pet. ref'd). Under the Fourteenth Amendment, the task of the appellate court is to consider all the evidence in the light most favorable to the verdict and determine if any rational trier of fact could have found, beyond a reasonable doubt, all the essential elements of the offense. Jackson V. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 61 L.Ed.2d 560 (1979); Sanders V. State, 119 S.W. 3d 818, 820 (Tex. Crim. App. 2003); Cardenas V. State, 30 S.W. 3d 384, 389-90 (Tex. Crim. App. 2000). The reviewing courts are not fact finders. Their role is that of due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. See Moreno V. State, 755 S.W. 2d 866, 867 (Tex. Crim. App. 1988). "If based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal." Fisher V. State, 851 S.W. 2d at 302 (quoting Narvaiz V. State, 840 S.W. 2d 415, 423 (Tex. Crim. App. 1992)); see also Guevara V. State, 152 S.W. 3d 45, 49 (Tex. Crim. App. 2004). The legal sufficiency of the evidence is a question of law. Matson V. State, 819 S.W. 2d 839, 846 (Tex. Crim. App. 1991); Roberson V. State, 16 S.W. 3d 156, 165 (Tex. App. - Austin 2000, pet ref'd). It is the function of appellate courts to ensure that no one is convicted of a

21.

crime except upon proof beyond a reasonable doubt. Skelton V. State, 795 S.W. 2d 162, 167 (Tex. Crim. App. 1989). Due process requires no less.

## Prayer For Relief

For the above reasons, Petitioner respectfully ask this Honorable Court to grant review of the decision of the Court of Appeals and reverse the judgment of that court, or alternatively, remand the case to the Court of Appeals for re-examination with guidance from this court.

Respectfully Submitted,

*L. Jacobs*

Lakendrick E. Jacobs, Pro Se
TDCJ NO. 1889158
Telford Unit
3899 State Hwy 98
New Boston, Texas 75570

22.

## Certificate of Compliance

I certify that this brief complies with Texas Rule of Appellate Procedure 9.4

## Certificate of Service

I hereby certify that a copy of the foregoing instrument was this day served on the counsel for State listed below in accordance with the Texas Rule of Appellate Procedure on this 18th day of May, 2014. Mailed via U.S. Mail to the State Prosecuting Attorney at P.O. Box 12405 Capital Station, Austin, Texas 78711

Affirmed and Memorandum Opinion filed February 19, 2015.



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00900-CR

---

## LAKENDRICK EARL JACOBS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1289471**

---

## MEMORANDUM OPINION

Following a jury trial, appellant Lakendrick Earl Jacobs was found guilty of capital murder. The trial court assessed punishment at life imprisonment without parole. In this appeal, Jacobs contends that the trial judge erred by denying his request for a jury instruction on the law of independent impulse and that the evidence was legally insufficient to support a guilty verdict. We affirm.

## BACKGROUND

On November 10, 2010, Jacobs and a group of men decided that they wanted to rob someone. The group of men drove around until they pulled up to an intersection located at 6200 Sayers Street, Houston, Texas. The group stopped near a Nissan Sentra, which was being driven by the complainant, Euland Laster. Jacobs was carrying a .22 caliber rifle and his friend, Mark Tillman, was holding a hammer. The men exited their vehicle and Tillman yelled at Laster to give them his wallet. Laster was a sixty-five-year-old man and used a cane. Because he had previously suffered a stroke and had endured six hip replacement surgeries, Laster was unable to move quickly enough when Tillman yelled at him.

Tillman began striking Laster with the hammer. At trial, the medical examiner testified that Tillman struck him at least ten times in his head and torso. Although Jacobs was present, he did not touch Laster and never held the hammer. The medical examiner testified that Laster died from a combination of blunt force trauma and blood loss.

The group took Laster's wallet, containing his credit cards and cash, and Tillman stole Laster's Nissan Sentra. Officer Dan Arnold testified that the next day, he received a phone call that Laster's credit card was being used at several gas stations in the area. Officer Arnold interviewed the evening shift manager at a nearby gas station, who stated that two customers used the credit card and were acting suspiciously that night. After reviewing the surveillance video, the manager identified the customers as Mark Tillman and Cedric Abram, who was later identified as Jacobs's brother.

On November 16, 2010, the police interviewed Timka Carper, a woman who called the police to discuss the case. Carper stated that on November 11, the day after Laster was killed, Jacobs came over to her house. Jacobs drove the stolen

2

Nissan Sentra to Carper's house and offered to sell it to her for $800. Carper asked him where he got the car and Jacobs responded that it was a long story, but that he would tell her later. Jacobs left Carper's house in the Nissan Sentra.

Later that day, Carper was driving to the store with a friend and decided to stop at Jacobs's house because he was standing outside in the front yard. Carper again asked him where he got the car and Jacobs stated that they went out robbing the night before and stole the car, along with $30 and credit cards. Jacobs told Carper that he was holding a gun and committed the robbery with Tillman. Jacobs also said that Tillman beat Laster with a hammer, but he did not know whether Laster had died. Carper then allowed Jacobs to borrow her cell phone and Jacobs called several people. Jacobs found out that Laster died and started to panic. Jacobs went inside his house to pack and came outside carrying the gun he used during the robbery. Jacobs also admitted to Carper that he abandoned the Nissan Sentra in Trotter Park earlier that day. The police discovered the vehicle in Trotter Park on November 12, but could not find the rifle or hammer used in the robbery.

After speaking to Carper, Tillman, Tillman's family members, and another suspect, the police interviewed Jacobs on December 17. Jacobs confessed to the robbery, but stated that he did not intend for anyone to get hurt and that hitting Laster was Tillman's idea. Jacobs also explained that he only held the gun to scare Laster into cooperating. Jacobs claimed that he did not know Tillman was carrying a hammer. On December 20, Jacobs was charged by indictment with capital murder. Jacobs pleaded not guilty. The case proceeded to trial and the jury returned a guilty verdict on October 10, 2013. The trial court assessed punishment at life imprisonment without parole.

## ISSUES AND ANALYSIS

In two issues on appeal, Jacobs contends that the trial judge erred by

denying his request for an independent impulse instruction and that the evidence was legally insufficient to convict him as a party on the charge of capital murder.

## I.    Independent Impulse

In his first issue, Jacobs asserts that the trial court erred by failing to submit his requested instruction on independent impulse to the jury.

The purpose of the jury charge is to inform the jury on the applicable law and guide the jury in its application of the law to the facts of the case, and the trial judge is ultimately responsible for the charge's accuracy. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *see* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). In reviewing a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). The trial judge is required to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence and requested by the defendant. *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007).

Jacobs contends that the trial court erred by denying his request for a jury instruction on independent impulse. Jacobs argues that he was entitled to an instruction on independent impulse because the evidence established that although he intended to commit the robbery, he did not intend to commit capital murder because he did not anticipate that Tillman would kill Laster.

The theory behind an independent impulse instruction is that, although the defendant had agreed to participate in some form of offense rising to the level of a felony, the offense for which he is being prosecuted arose from an independent impulse. *See Mayfield v. State*, 716 S.W.2d 509, 515 (Tex. Crim. App. 1986), *overruled by Solomon v. State*, 49 S.W.3d 356, 368 (Tex. Crim. App. 2001); *see*

4

*also Murkledove v. State*, 437 S.W.3d 17, 24 (Tex. App.—Fort Worth 2014, pet. dism'd). The trial court must instruct the jury on properly requested statutory defenses raised by the evidence. *Walters*, 247 S.W.3d at 208–09. However, a defense that is not recognized by the legislature in the relevant statute as a defense or as an affirmative defense does not warrant a separate instruction. *Giesberg v. State*, 984 S.W.2d 245, 248–51 (Tex. Crim. App. 1998). Independent impulse is not listed as a statutory defense in the Texas Penal Code. *Solomon*, 49 S.W.3d at 368.

In *Solomon*, the Court of Criminal Appeals reasoned that the defendant was not entitled to an instruction on independent impulse because "there is no enumerated defense of 'independent impulse' in the Penal Code" and that the defense "would simply negate the conspiracy liability element of the State's case." *Id.* The court further stated that including an instruction on independent impulse would be superfluous and an impermissible comment on the weight of the evidence. *Id.* (citing *Giesberg*, 984 S.W.2d at 250). The court held that all that is required is for the "appropriate portions of the jury charge to track the language of § 7.02(b)." *Id.*

Here, the charge instructed the jury:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

The jury charge tracked the language of Texas Penal Code § 7.02(b), as required by *Solomon*. Jacobs's proposed independent impulse instruction would simply negate the conspiracy liability element of the State's case. Therefore, the trial court

did not err by denying Jacobs's request for an instruction on independent impulse.

We overrule Jacobs's first issue regarding independent impulse.

## II. Legal Sufficiency

In his second issue, Jacobs contends that the evidence is legally insufficient to support his conviction as a party to capital murder. Jacobs argues that he cannot be convicted under the conspiracy theory of the law of parties because the killing was not done in furtherance of the robbery and because it was an unanticipated killing.

In reviewing a sufficiency question, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). When conducting this review, we do not reevaluate the weight and credibility of the evidence, but act only to ensure that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

The jury is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Likewise, reconciliation of conflicts in evidence is within the exclusive province of the jury. *Jones*, 944 S.W.2d at 647. When the record supports conflicting inferences, we presume the trier of fact resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Because Jacobs was charged under the law of the parties, he could only be found criminally responsible for the murder if, as the jury was instructed, Laster was killed in the attempt to carry out the conspiracy to commit robbery, and if such

6

murder was in furtherance of it and should have been anticipated by Jacobs. *See Flores v. State*, 681 S.W.2d 94, 96 (Tex. App.—Houston [14th Dist.] 1984), *aff'd*, 690 S.W.2d 281 (Tex. Crim. App. 1985). Jacobs contends that the evidence is legally insufficient to convict him under the conspiracy theory of the law of the parties because (1) the murder was not done in furtherance of the conspiracy because at the time of the killing, the robbery had already been completed, and (2) the murder could not have been anticipated because it was an "unprovoked and unanticipated" killing.

Jacobs first contends that he cannot be convicted under this theory because the objective of the conspiracy had already been accomplished when Tillman killed Laster. Jacobs admitted to the police that he conspired with the group of men to commit the robbery and that he brought a rifle in order to scare Laster into cooperating with them. The evidence at trial demonstrated that when Laster did not comply quickly enough, Tillman began striking him with the hammer. The group stole Laster's wallet containing his cash and credit cards and Tillman drove off in his Nissan Sentra. Jacobs attempted to sell the stolen Nissan Sentra the following day and then abandoned the vehicle upon learning that Laster died.

In viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that the murder was completed in furtherance of the conspiracy to commit the robbery. Tillman committed the murder during the commission of the robbery and at the time of the killing, the robbery had not yet been completed.

Jacobs further asserts that this was an "unprovoked and unanticipated brutal assault" by Tillman. Jacobs, Tillman, and the others agreed in advance to drive around and rob someone. Jacobs brought a rifle in order to intimidate Laster and Tillman brought a hammer. Although Jacobs alleges that he did not know Tillman

was carrying a hammer, the jury could have reasonably inferred that Jacobs saw Tillman with a hammer before the robbery occurred. However, even if Jacobs did not know Tillman brought a hammer, a killing could have been anticipated because Jacobs brought a rifle to the robbery.

Because both Jacobs and Tillman brought deadly weapons to the robbery, a rational trier of fact could have found that murder should have been anticipated as a possible result of the robbery. *See Fuller v. State*, 827 S.W.2d 919, 932, 933 n.14 (Tex. Crim. App. 1992) (holding that murder should have been anticipated because defendant brought a knife to the burglary and he knew his co-conspirator "usually would have had a knife in that situation"); *Naranjo v. State*, 745 S.W.2d 430, 434 (Tex. App.—Houston [14th Dist.] 1988, no pet.) (holding that murder should have been anticipated because defendant knew his co-conspirators had an ice pick and pistol); *Flores*, 681 S.W.2d at 96 (holding that murder should have been anticipated because the defendant knew his co-conspirator brought a gun to the burglary).

We overrule Jacobs's second issue regarding the legal sufficiency of his conviction.

## CONCLUSION

We hold that the trial judge did not err by denying Jacobs's requested instruction on independent impulse and that the evidence was legally sufficient to support his conviction. Accordingly, we affirm the judgment of the trial court.

/s/    Ken Wise
          Justice

Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

9